IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JESUS NOE CHAVEZ,

        Petitioner,

                              2:11-cv-00857-CL

        v.

                              REPORT AND
                              RECOMMENDATION

MARK NOOTH,

        Respondent.

CLARKE, Magistrate Judge.

    By Order (#23) entered April 4, 2012, petitioner was allowed 30 days to show cause why his petition should not be denied on the ground that he did not file within the one year limitations period.

    In his response to the court's order, petitioner argues that he "does not have a full grasp of the English language" and that the "language barriers creates an extraordinary circumstance that should allow a 12 day tolling of the limitation period." Response

-1-

(25) p. 4. Petitioner seeks an evidentiary hearing to develop facts to support his claim of entitlement to equitable tolling. I find that it would be more efficient and appropriate to decide the issues on the record before the court and address the merits of petitioner's claims.

Therefore, assuming that petitioner's allegations are sufficient to establishment entitlement to equitable tolling of the limitations period, I find as follows.

The relevant facts and procedural history of petitioner's conviction is set forth in the court's Order (#25) and need not be repeated here.

Petitioner alleges five grounds for relief. Respondent moves to deny relief and dismiss this proceeding on the ground that only one of petitioner's claims appears to have been properly exhausted. Respondent argues that claim is without merit and was properly rejected in state court decisions entitled to deference by this court. Respondent further contends that "[a]ll of petitioner's remaining claims are either not cognizable in this proceeding or are procedurally defaulted." Supplemental Response (#42) p. 2.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based

on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

In addition, under 28 U.S.C. § 2254(d)(2), "a determination of a factual issue made by a state court shall be presumed to be correct.. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Miller-El v. Cockrell, 537 U.S. 322, 351 (2003).

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an

unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective-assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (*per curiam*).

The general nature of the *Strickland* test combined with the deference prescribed by § 2254(d) combines to require the federal court not to evaluate the state court's determination itself, but whether the state court's determination was unreasonable. Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009) (citing Schriro v. Landrigan, 550 U.S. 465, 473 (2007).

Petitioner alleges in Ground Two [b] that his trial counsel was inadequate in that counsel "had petitioner believing that he would not be receiving a consecutive sentence." In his PCR petition, petitioner alleged that trial counsel had failed to "properly advise Petitioner as to the maximum possible sentences he was facing," and to "properly advise petitioner of the possible sentences he could receive as a result of the plea bargain." Exhibit 111-B, p. 2. The PCR court denied those claims.[1]

---

[1] On PCR appeal, petitioner framed his argument differently, see Exhibit 131, p. 2. However, for analytical purposes, I find that petitioner exhausted his claim that trial counsel was ineffective for failing to properly advise him regarding possible sentences.

In a deposition offered at petitioner's PCT trial, petitioner testified that based on his counsel's advice, he believed he would get a life sentence with a 25-year minimum of incarceration and that he could receive a shorter sentence following his direct appeal. Exhibit 125, p. 22.

The state submitted two affidavit in which petitioner's trial attorney stated that he had explained the difference between consecutive and concurrent sentences to petitioner and told him that either consecutive or concurrent sentences were "quite possible with his pleas but we could try to argue for some concurrent sentences." Exhibit 126, p. 1  Further, counsel stated that he never promised petitioner that he would receive concurrent sentences or a specific combined sentence, and that he never suggested to petitioner that he could reduce his sentence on appeal. Id.

The PCR court found, *inter alia*, (1) that petitioner was not credible; (2) that his attorney had not promised him that he owuld receive concurrent sentences; (3) that his attorney had informed petitioner that consecutive sentences were possible; (4) that counsel had not promised petitioner that he could reduce his sentence on appeal; and (5) that counsel "conducted a through investigation, that the advice he provided to petitioner was sound, [and] that petitioner freely, knowingly and intelligently waived his rights when he entered pleas of guilty."  Exhibits 128 -129.

Based on those findings, the PCR court ruled that petitioner had not demonstrated that trial counsel was constitutionally ineffective.

The PCR court findings are reasonable in light of the evidence presented at the PCR trial and therefore assumed to be correct. 28 U.S.C. § 2254(d)(2) and (c)(1).

The PCR court further concluded that petitioner had failed to demonstrate prejudice. I agree. Specifically, petitioner has not presented any evidence that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

The record before the court reflects that had petitioner chosen to go to trial instead of accepting the state's plea offer, he most certainly would have been convicted. As explained by petitioner's counsel, all of the eyewitnesses identified petitioner as the shooter, and "were not helpful to the defense." ... A realistic view of the evidence convinced us that we would lose all three counts at trial and would almost certainly sentenced consecutively after a long and gruesome trial concerning the shooting death of one of the most popular young men in Roseburg." Exhibit 121, p. 2

Based on all of the foregoing, I find that the state court finding that petitioner's trial counsel was not ineffective for failing to adequately advise petitioner regarding possible

sentences based on his guilty plea is reasonable and entitled to deference by this court, and correct on the merits.

Respondent argues that petitioner's remaining claims are not cognizable in this proceeding or are procedurally defaulted. Supplemental Response (#42) p. 16.

Many of petitioner's remaining claims allege that the PCR court procedures were deficient in various respects. Claims regarding procedural errors allegedly committed by the PCR court provide no basis for federal habeas corpus relief. *See*, eg. Cooper v. Neven, 641 F.3d 322, 311-32 (9th Cir. 2011); Ottiz v. Steward, 149 F.3d 923, 939 (9th Cir. 1998).

Thus, petitioner's claims based on allegations concerning PCR court procedures are not cognizable in this proceeding and fail to state a claim.

Specifically Ground One, [a], [c] and ["c"] (sic); Ground Two [a]; Ground Three; and Ground Four [b], all allege deficiencies in the state court PCR proceeding. Those claims age not cognizable in habeas corpus.

Under 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State[.]" Exhaustion occurs when a petitioner has given the state courts a "full and fair" opportunity to consider and resolve all federal claims. Keeney v. Tomayo-Reyes, 504 U.S. 1, 10 (1992). If a

petitioner can present a claim to the state's Supreme Court, he must do so to properly exhaust that claim. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999).

To "fairly present" a federal claim in state court, habeas petitioners must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996).; see also, Castillo v. McFadden, 399 F.3d 993, 1000 (9th Cir. 2005); see also, Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) ("In [the Ninth Circuit], a petitioner must make the federal basis of the claim explicit either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law."); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (per curiam) (holding that, when a petitioner failed to cite federal case law or mention the federal constitution in his state court briefing, he did not alert the state court to the federal nature of his claims).

Furthermore, to properly exhaust a claim the petitioner must present the federal claim to the state courts in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1984; Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059 (1989).

If a petitioner has failed to present a federal constitutional

claim to the state's highest court (*i.e.*, has failed to exhaust state remedies) and can no longer do so because of a procedural bar, that claim is procedurally defaulted. Boerckel, 526 U.S. at 848, citing Coleman v. Thompson, 501 U.S. 722, 731-32 (1991). Once a petitioner has procedurally defaulted a claim, federal habeas corpus review is barred unless the petitioner can demonstrate: (1) cause for the procedural default, and (2) actual prejudice from the failure. Edwards v. Carpenter, 529 U.S. 446, 451 (2000), Coleman, 501 U.S. at 750; see also, Wainwright v. Sykes, 433 U.S. 72 (1977); Murray v. Carrier, 477 U.S. 748 (1986); Hughes v. Idaho Bd. of Corr., 800 F.2d 905 (9th Cir. 1986).

Cause for a procedural default exists only if petitioners "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray, 477 U.S. at 488. Prejudice exists only if petitioners show that the procedural default "worked to [petitioner's] actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Demonstrating a mere possibility of prejudice is insufficient. Id.

Procedural defaults may also be excused by demonstrating a "fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). To establish the fundamental miscarriage of justice exception to the exhaustion requirement requires a showing of actual innocence. Schlup v. Delo, 513 U.S. 298, 329 (1995);

<u>Calderon v. Thompson</u>, 523 U.S.538, 559 (1998).

Plaintiff's remaining claims were never presented to any state court. Specifically, Ground One [b] alleges that his trial counsel was ineffective for advising him to plead guilty to murder. Ground Two [b] alleges he was "forced to proceed with an Attorney that was not effectively informing the petitioner on the law of intent;"[2] Ground Two [c] alleges that his trial attorney "did not avail himself of the facts and circumstances of Petitioner's individual case, in that it was clear that Petitioner not know and had never met the unfortunate victim of petitioner's act;" Ground Three [b] and [c] allege claims of ineffective assistance of appellate counsel.

Petitioner's only claim in his PCR appeal was that his trial counsel was ineffective for failing to advise him regarding possible sentences. Thus, the other claims regarding ineffective assistance of trial counsel and the allegations of ineffective assistance of appellate counsel were never fairly presented to Oregon's highest court.

Petitioner is now barred under Oregon law from filing any additional appeals or PCR proceedings, and therefore cannot "fairly

---

[2] Ground Two [b] also alleges ineffective assistance of counsel based on counsel's advice concerning possible sentences. That part of Ground Two [b] was discussed above.

present" any additional claims to the Oregon state courts.[3] Thus, but for the claim based on counsel's alleged advice concerning his possible sentences, petitioner procedurally defaulted the claims alleged in the petition before the court. Petitioner has failed to demonstrate any cause and prejudice for his procedural default or that he is entitled to the fundamental miscarriage of justice exception to the exhaustion requirement.

Based on all of the foregoing, petitioner's Petition (#3) should be denied and the Clerk should be directed to enter an order dismissing this proceeding with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court.

---

[3] ORS 138.071 requires that direct appeals be filed not later than 30 days after the judgment or order appealed from was entered in the register. ORS 138.650 requires PCR appeals to be filed within 30 days after the entry of final judgment. ORS 2.520 requires petitions for review to Oregon's Supreme Court to be filed within 35 days from the date of the Court of Appeals' decision. *See also* ORAP 9.05(2) (same) Finally, ORS 138.550(3) provides that all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims not so asserted are deemed waived.

Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

### *Certificate of Appealability*

*Should petitioner appeal, a certificate of appealability should be denied as petitioner has not made a substantial showing of the denial of a constitutional right.* <u>See</u>, *28 U.S.C. § 2253(c)(2).*

DATED this 8 day of February, 2013.

/s/ Mark D. Clarke
Mark D. Clarke
United States Magistrate Judge